```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

BUCKEYE COMMUNITY HOPE        )   No. 16 C 4430
FOUNDATION, et al.,           )
                              )   Chicago, Illinois
              Plaintiffs,     )   February 26, 2017
                              )   8:50 o'clock a.m.
    -vs-                      )
                              )
VILLAGE OF TINLEY PARK, et    )
al.,                          )
                              )
              Defendants.     )


       TRANSCRIPT OF PROCEEDINGS - MOTION/STATUS
         BEFORE THE HONORABLE MILTON I. SHADUR

APPEARANCES:

For the Plaintiffs:     SARGENT SHRIVER NATIONAL CENTER
                        ON POVERTY LAW
                        BY:  MS. KATHERINE E. WALZ
                        50 East Washington Street
                        Suite 500
                        Chicago, Illinois 60603
                                and
                        HOLLAND & KNIGHT
                        BY:  MR. CHRISTOPHER J. MURDOCH
                        131 South Dearborn Street
                        30th Floor
                        Chicago, Illinois 60603




Court Reporter:         ROSEMARY SCARPELLI
                        219 South Dearborn Street
                        Room 2304A
                        Chicago, Illinois  60604
                        (312) 435-5815
```

```
 1   APPEARANCES:  (Cont.)

 2   For the Defendants:      KOZACKY WEITZEL McGRATH, P.C.
                              BY:  MR. ALASTAR S. McGRATH
 3                                 MR. JEROME R. WEITZEL
                              55 West Monroe Street
 4                            Suite 2400
                              Chicago, Illinois 60606
 5                                      and
                              QUERREY & HARROW, LTD.
 6                            BY:  MR. BRANDON K. LEMLEY
                              175 West Jackson Boulevard
 7                            Suite 1600
                              Chicago, Illinois 60604
 8
 9   For the Intervenor       HON. ZACHARY T. FARDON
     Plaintiff:                United States Attorney, by
10                            MR. MICHAEL J. KELLY
                              MS. AMIE S. MURPHY
11                            Assistant United States Attorney
                              219 South Dearborn Street
12                            Chicago, Illinois 60604

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1         THE CLERK:  16 C 4430, Buckeye versus Village of
2    Tinley Park.
3         MS. MURPHY:  Hi.  This is Amie Murphy with the
4    United States.
5         THE CLERK:  16 C 4430, Buckeye versus Village of
6    Tinley Park.
7         THE COURT:  Counsel has identified herself out in
8    telephone land.  Would you all do the same here in court,
9    please.
10        MR. MURDOCH:  Your Honor, my name is Chris Murdoch.
11   I represent the plaintiff.
12        MS. WALZ:  Katherine Walz.  I represent the
13   plaintiff.
14        MR. KELLY:  Mike Kelly for the United States.
15        MR. McGRATH:  Alastar McGrath on behalf of the
16   defendants.
17        MR. WEITZEL:  Jerome Weitzel on behalf of the
18   defendants.
19        MR. LEMLEY:  And Brandon Lemley on behalf of the
20   defendants.
21        THE COURT:  Good monring.  As you know, I have put
22   the media to shame -- I sound like the current
23   administration, right -- in the characterization that the two
24   lawsuits were to be merged, which they have not, but it still
25   seems to me that it is useful maybe up front just to get a

1  brief report on the progress of the case in which the United
2  States has sued so that I think that that casts some light at
3  least on ours.  So might I have that first, please.
4          MR. McGRATH:  Alastar McGrath.  I believe, your
5  Honor, we filed, Buckeye -- sorry, the Village of Tinley Park
6  has filed a motion to dismiss.  Judge Ellis has put together
7  a briefing schedule on the motion to dismiss, and I believe
8  it is set for ruling in early July, is what she set it for.
9          THE COURT:  Well, I guess my guess was wrong.  But
10 in any event tell me -- tell me now about how our posture on
11 the current one.  First, what is the situation on the
12 financing in terms of the -- our controversy remaining as a
13 live one with a potential for the project as contrasted with
14 a dispute about whether it is actionable in damages?  Tell
15 me.
16         MR. MURDOCH:  Your Honor, I have to apologize, as I
17 don't have up-to-the-minute information on that.  The last
18 time I spoke to the client on that topic, which was about two
19 weeks ago, was that they are still intending to pursue the
20 project and they are not yet giving up the idea of getting
21 tax credits and converting this to a claim for damages.
22         THE COURT:  Okay.  So on that score tell me what
23 the situation is in that regard.  What have you done in terms
24 of traveling down the discovery path on our action?
25         MR. MURDOCH:  I think --

1        THE COURT:  Both sides.

2        MR. McGRATH:  Your Honor, I think -- I have talked
3   a lot with Mr. Wardenski.  I don't think he is able to be on
4   the phone today, but I did talk to him yesterday.  He is one
5   of the attorneys for Buckeye.  We have proposed a schedule
6   that I think was sent to your Honor with the idea that we
7   have worked on right now written discovery.  We have set some
8   deadlines for ourselves for written.  We have also set some
9   ideas for how long we would like oral discovery to take.  And
10  I think then we got have dispositive motions laid out, with
11  an idea I believe of -- we have kind of agreed on if Buckeye
12  is still going to pursue building tax credits, we would
13  probably be looking at a trial of next February or so,
14  somewhere in that neck of the woods.

15       So we have kind of outlined something that we think
16  could be successful towards getting all the discovery --

17       THE COURT:  The internal aspects.

18       MR. McGRATH:  Yes.

19       THE COURT:  Yes.

20       MR. McGRATH:  So that is kind of what was sent to
21  your Honor.  There was an original one that was sent a couple
22  days ago.  Then we had another conversation yesterday which
23  was really just with regard to possibly setting --

24       THE COURT:  Wait, wait.  Somebody sent me
25  something?

1            MR. McGRATH:  I believe there was a proposed
2    discovery order, your Honor.  It was e-mailed to chambers
3    yesterday.  I think it was e-mailed.
4            THE COURT:  I didn't get it, but I don't set those,
5    you know.
6            MR. LEMLEY:  Your Honor, it was sent to the
7    proposed, underscore, order, underscore Shadur at Illinois --
8            THE COURT:  Whatever happened to paper?  You know,
9    if you look at my website, you would see that -- I am a fan
10   of paper.  And if it is a cost of business, if lawyers can
11   afford making copies less than the Government can, that is
12   news to me.  I just don't -- I really don't understand that.
13           MR. McGRATH:  Well, my apologies, your Honor.
14           THE COURT:  There is no sense in my walking into
15   court ignorant of something that has been put in the stream
16   by counsel without delivery.
17           Many years ago there was a novel written about
18   Lincoln's lost speech in which the author's concept was that
19   all speech is out there somewhere in what used to be called
20   the ether -- no longer of course -- and that it was somehow
21   retrievable.  Well, that is true today, I guess, but it is --
22   but it is out of phase with my preference.  And as I have
23   said, I think to you people as well as everybody else, our
24   Court talked about this a long time and we decided that it
25   was going to be dealer's choice.

1          If you look at LR 5.2(f), you will see that it says
2     that the -- sets as the norm the delivery, but it says that
3     -- it makes plain that any judge can make a determination if
4     they like to keep their desk clean and spoil their eyes, they
5     can do that.  As you can see, I don't need glasses, although
6     I started with them I guess a zillion years ago.
7          But in any event if you have agreed upon some kind
8     of scheduled internally, you may certainly keep it to
9     yourself.  And I have no -- I am not going to memorialize it.
10    I am not going to set deadlines.  Instead I am going to
11    continue to set reasonable intervals for reporting like this.
12    And if you -- and if and to the extent you want to provide me
13    with that material, I am not going to, as I say, memorialize
14    it.  I will look at it, obviously.
15         So with that said, given the internals that you
16    have shared but not with me, what would you suggest as a
17    sensible next status date?
18         MR. McGRATH:  Well, your Honor, I think what we
19    have put out there is internally the middle of July for the
20    end of fact witness depositions.  So probably sometime around
21    the middle of July would probably make the most sense I
22    think.
23         THE COURT:  Okay.  That is fine with me.  As you
24    might guess, it is wide open, right?
25         You can have either of two weeks.  When you talk

1  about the middle, one is the 10th through the 14th, the next
2  one is the 17th through the 21st.  Eight of those days you
3  can have 9:00 o'clock.  Two days, the Wednesdays, the 12th
4  and the 19th, you could have 9:15, if that is your
5  preference.  So I am perfectly happy to honor whatever you
6  tell me.
7           MR. McGRATH:  How about -- I am sorry, your Honor,
8  I missed it.  The week of the 10th.
9           MR WIETZEL:  The 10th, 11th.
10          THE COURT:  10th through the 14th.
11          MR. McGRATH:  How about the 11th, your Honor?
12          THE COURT:  Tuesday the 11th?.
13          MR. McGRATH:  That would be great, your Honor.
14          THE COURT:  Thank you.
15          MR. MURDOCH:  Thank you.
16          MR. LEMLEY:  Thank you, your Honor.
17          THE COURT:  Thank you all.
18       (Which were all the proceedings heard.)
19                          CERTIFICATE
20     I certify that the foregoing is a correct transcript
21  from the record of proceedings in the above-entitled matter.
22
23  s/Rosemary Scarpelli/          Date:  April 21, 2017
24
25